UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMES R. TURNER III,

                       Plaintiff,                   **MEMORANDUM & ORDER**
                                                                                        23-CV-9516 (PKC) (LB)
      -against-

JOHN DOE,

                       Defendant.
------------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

       On December 27, 2023, *pro se* Plaintiff James R. Turner III ("Plaintiff") filed this action against Defendant John Doe ("Defendant") pursuant to 42 U.S.C. § 1983. (Complaint ("Compl."), Dkt. 1, at 1, 4.) Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (Dkt. 2.) The Court grants Plaintiff's application to proceed IFP. For the reasons set forth below, the Court dismisses the complaint with leave to amend within 30 days.

## BACKGROUND

       Plaintiff's statement of claim consists solely of the following allegation: "Defendant misrepresented the plaintiff by not being truthful and deceptive acts towards Plaintiff personal injury case. It delayed the process by not filing on time." (Compl., Dkt. 1, at 5.) Plaintiff seeks $200,000 in damages. (*Id.* at 6.)

## STANDARD OF REVIEW

       Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the complaint "is frivolous or malicious;" "fails to state a claim on which relief may be granted;" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Specifically, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addressing the sufficiency of a complaint, a court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 90–91 (2d Cir. 2021). A court "liberally construe[s] pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (emphasis added). Generally, a court should not dismiss a *pro se* complaint without granting the plaintiff leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

### A.     Rule 8

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *See Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); Fed. R. Civ. P. 8(a). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted). To satisfy this standard, a complaint must at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted). Even liberally construing

Plaintiff's complaint, he has failed to allege facts sufficient for Defendant John Doe to respond to the complaint.

"When a complaint fails to comply with these requirements [contained in Rule 8], the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial." *Chapman v. U.S. Dep't of Just.*, 558 F. Supp. 3d 45, 48 (E.D.N.Y. 2021) (alteration in original). Here, Plaintiff's complaint fails to identify the defendant, fails to provide the date and location of any relevant events, and fails to allege any facts against Defendant John Doe. Rather, Plaintiff's sole claim consists of a sparse and conclusory statement of alleged misrepresentation. Therefore, Plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**B.     Section 1983**

To the extent that Plaintiff is seeking to sue an attorney for legal misrepresentation,[1] such a claim would fail under 42 U.S.C. § 1983. In order to maintain a § 1983 action, a plaintiff must show that the defendant (a) acted under color of state law (b) to deprive the plaintiff of a right arising under the Constitution or federal law. *See Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). It is well established that attorneys do not act under color of state law when they perform traditional functions of counsel. *See Polk Cnty. v.*

---

[1] Legal misrepresentation or malpractice claims arise under state law, not federal law. *See Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975) ("Whatever cause of action [the plaintiff] might have against his lawyer, whether sounding in professional malpractice, tort, or otherwise, is one of state law insufficient to vest a federal court with jurisdiction over the subject matter."); *Chery v. Law Office of Felix Kozak, P.C.*, No. 11-CV-3471, 2011 WL 4056069, at *2 (E.D.N.Y. Aug. 28, 2011) (stating that federal district courts do not have subject matter jurisdiction over legal malpractice claims).

*Dodson*, 454 U.S. 312, 325 (1981); *Sash v. Rosahn*, 450 F. App'x 42, 43 (2d Cir. 2011); *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997).

## CONCLUSION

For the reasons explained above, Plaintiff's Complaint is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Any state law claims are dismissed without prejudice.

Given Plaintiff's *pro se* status, the Court grants him leave to file an amended complaint within 30 days from the date of this Memorandum and Order. If Plaintiff elects to file an amended complaint, it must be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order, No. 23-CV-9516 (PKC) (LB). The amended complaint will replace the original complaint and must therefore stand on its own without reference to the original complaint. In the amended complaint, Plaintiff must identify the Defendant(s) as best as he can (for example, if Plaintiff cannot identify the defendant by name, he must provide a physical description and other identifying information, such as place of employment) and he must set forth facts to show that the Court has subject matter jurisdiction over his claims. Legal conclusions and conclusory allegations will not suffice. Plaintiff must provide facts sufficient to allow each named Defendant to understand the basis for Plaintiff's claim. Plaintiff must also provide the date and location for each relevant event. Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729, for free, confidential, limited-scope legal assistance.

All further proceedings shall be stayed for 30 days. If Plaintiff does not file an amended complaint within the time allowed or show good cause why he cannot comply, the Court shall direct the Clerk of Court to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ Pamela K. Chen  
Pamela K. Chen  
United States District Judge

Dated: January 3, 2024  
       Brooklyn, New York