UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JAMES R. TURNER III,

                      Plaintiff,                    **MEMORANDUM & ORDER**
      -against-                                            23-CV-9516 (PKC) (LB)

EDWARD RAPP,

                      Defendant.
---------------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

        On December 27, 2023, Plaintiff James R. Turner III ("Plaintiff"), proceeding *pro se*, filed this action against Defendant John Doe pursuant to 42 U.S.C. § 1983 ("Section 1983"). (*See* Dkt. 1.) By Memorandum and Order dated January 3, 2024, the Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), (Dkt. 2), and dismissed the complaint with leave to amend. (*See* Mem. & Order, Dkt. 4, at 1, 4–5.) On March 27, 2024, Plaintiff filed a motion for recusal, (Dkt. 12), and an amended complaint naming Defendant Edward Rapp ("Defendant") as the John Doe, (Dkt. 13 ("Am. Compl.")). For the reasons set forth below, the Court denies the motion for recusal and dismisses the action.

## BACKGROUND

        Plaintiff brings this action under Section 1983 against Defendant, a detective employed by the Port Authority of New York and New Jersey, based on events that occurred over 25 years ago, in 1997.[1] (*See id.* at ECF 1, 2.) Plaintiff alleges that Defendant prevented him from "petitioning

---

[1] In 2004, Plaintiff filed an action in this District against the Federal Aviation Administration, the Port Authority of New York and New Jersey, and F.J.C. Security Services Inc. ("F.J.C.") for personal injuries under the Federal Tort Claims Act ("FTCA"). (*See* Am. Compl. at ECF 2.) *See generally Turner v. Fed. Aviation Admin.*, No. 04-CV-1846 (PKC) (LB) (hereinafter 2004 *Turner* Action). Plaintiff alleged that he was attacked in a locker room at John F. Kennedy International Airport on January 19, 1997, during the course of his employment by F.J.C., by two assailants who were able to access a restricted area. (*See* Am. Compl. at ECF 2); Compl., 2004 *Turner* Action, ECF 1–2, Dkt. 1. The Honorable David G. Trager found that Plaintiff's personal

the government for redress of grievances in court, specifically through his personal injury/Federal Tort Claims [A]ct case." (*Id.* at ECF 3.) Plaintiff further alleges that Defendant "withheld crucial information from him and misrepresented critical facts" and therefore "he did not file his case within the statute of limitations, and it was dismissed." (*Id.* at ECF 3–4.) Finally, Plaintiff alleges that Defendant "denied [him] due process of law, and denied him equal protection of the laws by telling Plaintiff that he had no case, when Plaintiff wanted to file charges." (*Id.* at ECF 4.) "In doing so," Plaintiff alleges, Defendant "deprived [Plaintiff] of rights guaranteed by the First and Fourteenth Amendments[.]" (*Id.* at ECF 1.) Plaintiff seeks $200,000 in damages. (*Id.* at ECF 4.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In addressing the sufficiency of a complaint, a court

---

injury claim under the FTCA was time-barred but directed Plaintiff to show cause why his complaint should not be dismissed as untimely. *See* Mem. & Order, 2004 *Turner* Action, ECF 1, 4–5, Dkt. 3. Plaintiff filed an affirmation alleging that he filed his claims late because of a psychiatric illness. *See* Pl.'s Affirm., 2004 *Turner* Action, ECF 2, Dkt. 9. Judge Trager dismissed the complaint because Plaintiff failed to explain how his psychiatric illness warranted equitable tolling of the statute of limitations. Based on Plaintiff's affirmation, Judge Trager found that "tolling is unwarranted because [P]laintiff provides no description of his psychiatric illness, the duration of his psychiatric illness, or how such illness affected his ability to comply with the statutory deadlines[,]" and dismissed the case. Order & Civil J., 2004 *Turner* Action, ECF 1–2, Dkt. 11. Thereafter, Plaintiff filed a motion for reconsideration of Judge Trager's order dismissing the case, *see generally* 2004 *Turner* Action, Dkts. 12–14, which Judge Trager denied, *see* 2004 *Turner* Action, Dkt. 15 at ECF 4. The Second Circuit affirmed Judge Trager's decision. *See Turner v. Fed. Aviation Admin.*, 169 F. App'x 641, 642 (2d Cir. 2006) (summary order). Judge Trager also denied Plaintiff's second motion for reconsideration and this Court denied Plaintiff's motions to reopen and for reconsideration. *See generally* 2004 *Turner* Action, Dkts. 18, 20–21, 26–28; 2/14/2019 Docket Order. Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

"accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hamilton v. Westchester County*, 3 F.4th 86, 90–91 (2d Cir. 2021) (internal quotation marks omitted) (quoting *Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188 (2d Cir. 2020)). In addition, a district court must dismiss an IFP action if the complaint "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Courts "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (emphasis added).

## DISCUSSION

### I.  Motion for Recusal

28 U.S.C. § 144 states that a party may request the removal of a district court judge from a pending matter where the judge "has a personal bias or prejudice either against him or in favor of any adverse party," provided that the party sufficiently states "the facts and the reasons for the belief that bias or prejudice exists." 28 U.S.C. § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

Plaintiff seeks recusal of the Court and Magistrate Judge Lois Bloom, who also presided over Plaintiff's prior case, alleging "prejudice or conflict of interest." (Dkt. 12 at 1–2 (referencing 2004 *Turner* Action).) Plaintiff does not allege any facts to support his conclusion that the Court is prejudiced against him or suggest any basis for a conflict of interest. Instead, it appears that Plaintiff seeks recusal because his prior case was dismissed or because he did not agree with the

Court's prior decisions in that action. However, a litigant's "disagreement [with a court's rulings] 'almost never constitute[s] a valid basis for a bias or partiality motion.'" *Jordan v. Verizon Corp.*, 391 F. App'x 10, 13 (2d Cir. 2010) (summary order) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *see Wright v. Comm'r of Internal Revenue*, 571 F.3d 215, 220 (2d Cir. 2009) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." (alteration in original) (quoting *LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007))). As Plaintiff has failed to identify a plausible basis for recusal of either the Court or Magistrate Judge Bloom, Plaintiff's motion seeking recusal is denied.

## II.     Amended Complaint

Plaintiff brings his claims pursuant to Section 1983. That section provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, Section 1983 provides a vehicle for redressing the deprivation of civil rights. "Section 1983 'is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes.'" *Conklin v. County of Suffolk*, 859 F. Supp. 2d 415, 438 (E.D.N.Y. 2012) (quoting *Baker v. McCollan*, 443 U.S 137, 144 n.3 (1979)). In order to maintain a Section 1983 action, a plaintiff must show that the defendant acted under color of state law to deprive the plaintiff of a right arising under the Constitution or federal law. *See Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citing *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Further, claims brought pursuant to Section 1983 must be filed within three years of the date on which such claims

4

accrue. *See Owens v. Okure*, 488 U.S. 235, 249–51 (1989) (applying New York's three-year statute of limitations for personal injury actions to Section 1983 action filed in New York federal court); *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (stating that a Section 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action" (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980))).

Here, Plaintiff's allegations do not support his claim that Defendant violated his rights under the First or Fourteenth Amendments. Nothing in Plaintiff's amended complaint supports his claim that Defendant prevented Plaintiff from filing his FTCA claim or his complaint in federal court. To the extent that Plaintiff alleges that Defendant failed to pursue charges against Plaintiff's assailants, he fails to state a claim. Police officers have discretion to conduct investigations and initiate arrests and are charged with acting for the benefit of the public, not private citizens. *See Kneitel v. Rose*, No. 19-CV-3742 (PKC) (LB), 2019 WL 3804678, at *2 (E.D.N.Y. Aug. 13, 2019) (citing, *inter alia*, *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 760, 765 (2005)); *see also Castle Rock*, 545 U.S. at 760, 765 (noting the "well established tradition of police discretion" and that "serving of public rather than private ends is the normal course of the criminal law"). Therefore, "police officers have no affirmative duty to investigate complaints, as the government and its agents are under no general duty to provide public services or protection to individual citizens." *Morris v. City of New York*, No. 14-CV-1749 (JG) (LB), 2015 WL 1914906, at *5 (E.D.N.Y. Apr. 27, 2015) (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989)). Therefore, Plaintiff has failed to allege facts to show that Defendant violated his constitutional rights.[2]

---

[2] Even if Plaintiff had alleged facts to show a constitutional violation, his claim would be time-barred. Because the alleged events occurred in 1997, Plaintiff's complaint filed on December 27, 2023, over 25 years later, falls well outside the three-year time limit. *See Milan v. Wertheimer*, 808 F.3d 961, 963–64 (2d Cir. 2015); *Pino v. Ryan*, 49 F.3d 51, 54 (2d Cir. 1995).

## CONCLUSION

Accordingly, Plaintiff's amended complaint is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion for recusal is denied. The Court declines to grant Plaintiff leave to amend further, as it would be futile. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (stating that "a futile request to replead should be denied").

The Clerk of Court is respectfully directed to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 11, 2024
       Brooklyn, New York

6